

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00044-CV
_____

BECK STEEL, INC. AND JOHN C. BECK, APPELLANTS

V.

CITY OF LUBBOCK, TEXAS, ET AL., APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2017-516,881; Honorable Paul Davis, Senior Judge, Presiding by Assignment

January 16, 2019

## EN BANC ORDER OF DISQUALIFICATION AND RECUSAL

Before QUINN, C.J., CAMPBELL, PIRTLE, and PARKER, JJ.

This appeal arises from a class action suit filed by Appellants, Beck Steel, Inc. and John C. Beck, against Appellees, the City of Lubbock and three City Officials in their official capacities, seeking certification of a class comprised of drainage fee ratepayers and the recovery of "drainage fees" charged by the City of Lubbock, which were collected

in what Appellants allege to be a violation of the Municipal Drainage Utility Systems Act.[1]
In addition to seeking the recovery of drainage fees which Appellants contend were illegally collected, Appellants further sought a declaratory judgment and permanent injunction to prevent the charging and usage of allegedly illegal drainage fees in the future.

Pursuant to a joint stipulation, the parties agreed the elements necessary to certification of the class were satisfied, but further agreed that before proceeding with the certification, each party would be permitted to file dispositive motions to be ruled upon by the trial court before the class was certified by the court. The parties further agreed that waiting until after dispositive motions were heard would not in any way waive any right to seek class certification. Appellants filed a motion for partial summary judgment requesting declaratory relief only and Appellees filed a cross-motion for summary judgment on the merits. The trial court denied Appellants' motion for partial summary judgment and granted Appellees' motion for summary judgment. This appeal followed.

Because three of the four Justices of the Seventh Court of Appeals (Chief Justice Brian Quinn, Justice Patrick A. Pirtle, and Justice Judy C. Parker) or their spouses were City of Lubbock property owners and/or drainage fee ratepayers during the period in controversy, they stand to have a financial interest in the outcome of this case as a potential member of the class and are, therefore, disqualified as a matter of law under Article V, Section 11 of the Texas Constitution. TEX. CONST. art. V, § 11.

---

[1] TEX. LOCAL GOV'T CODE ANN. §§ 552.041-.054 (West 2015 and West Supp. 2018).

Although the fourth, and only remaining Justice of the Seventh Court of Appeals (Justice James T. Campbell) believes his association with the three disqualified justices would not influence his judgment in this matter in any way, in the interest of promoting confidence in the integrity and impartiality of the judiciary in accordance with the standards of the Code of Judicial Conduct, and in order to promote efficiency in the scheduling, presentation, and disposition of this matter, Justice Campbell desires to voluntarily recuse himself pursuant to Rule 18b of the Texas Rules of Civil Procedure.[2]

Accordingly, each Justice of the Seventh Court of Appeals respectfully requests the Texas Supreme Court to transfer this case in its entirety to another Court of Appeals or to appoint to this court three justices to preside over this appeal, as that Court deems appropriate.

It is so ordered.

Per Curiam

---

[2] *See* TEX. R. APP. P. 16.2 (authorizing recusal of appellate court justice according to the Texas Rules of Civil Procedure).